# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROBERT BONE (#375620)**                                    **CIVIL ACTION**

**VERSUS**
                                                             **23-756-SDD-RLB**
**STATE OF LOUISIANA**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 17, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROBERT BONE (#375620)                                    CIVIL ACTION

VERSUS

                                                    23-756-SDD-RLB

STATE OF LOUISIANA

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the State of Louisiana, complaining that his continued confinement pursuant to a non-unanimous jury verdict is violating his constitutional rights. Plaintiff requests monetary and injunctive relief.

This Court is authorized to dismiss an action or claim if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Black v. Griffin*, 638 Fed. Appx. 371, n.1 (5th Cir. 2016). An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for

purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A §

1915 dismissal may be made any time, before or after service or process and before or after an

answer is filed, if the court determines that the allegation of poverty is untrue, or the action is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green

v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges that his continued confinement violates his

constitutional rights due to the Louisiana Supreme Court's decision in *State v. Reddick* holding

that the jury-unanimity rule from *Ramos* does not apply retroactively on collateral review.

First, Plaintiff's claims call into question the validity of his confinement; therefore, this

claim is subject to dismissal because it may only be pursued in a habeas corpus proceeding. *See

Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very

fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

entitled to immediate release or a speedier release from that imprisonment, his sole federal

remedy is a writ of *habeas corpus*"). Additionally, under the well-established doctrine set out in

*Younger v. Harris*, 91 S. Ct. 746, 750-51 (1971), federal courts cannot interfere in state criminal

proceedings unless extraordinary circumstances are present. *See Gates v. Strain*, 885 F.3d 874,

880 (5th Cir. 2018). Plaintiff has not alleged that he lacks an adequate opportunity to raise his

constitutional challenges in the state court or that extraordinary circumstances otherwise warrant

federal intervention.

Additionally, it would be futile for this Court to construe the Complaint herein as a petition

for writ of *habeas corpus*. Plaintiff has previously filed a habeas petition. *See Bone v. N. Burl Cain*,

05-5467 (E.D. La.). 28 U.S.C. § 2244(b)(3) directs a petitioner filing a "second and successive"

habeas to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court.  As the petitioner has not yet received permission from the Court of Appeals to file a successive petition in the District Court as required by statute, this Court would lack jurisdiction to consider his claims. *See Farrier v. Louisiana,* 2020 WL 10458187 (E.D. La. 7/31/20) (futile to construe § 1983 claim regarding non-unanimous jury verdict as a habeas petition if authorization to file a successive petition has not been obtained), and *Jefferson v. Hooper,* 2023 WL 2338089 (W.D. La. 1/24/23) (habeas petition asserting a *Ramos* claim subject to dismissal as a successive petition).

Further, to the extent the plaintiff is seeking monetary damages associated with his continued confinement, such claim is barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994)[1]. Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus. *Id.* Were this Court to determine that Plaintiff is entitled to monetary damages, this would necessarily imply that Plaintiff's term of confinement was invalid. Since Plaintiff has failed to allege or show that his term of confinement has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, Plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed. Accordingly, Plaintiff's claim for monetary damages arising

---

[1] It is unclear whether the plaintiff is seeking a declaratory or monetary judgment. *See* R. Doc. 1, p. 7.

out of the alleged unconstitutional term of confinement must be dismissed as it has not yet accrued.

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on June 17, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."